■ OPCO, INC., et al., Appellants, v JUDSON L. LEVE et al., Respondents. (Appeal No. 1.) [595 NYS2d 705] —Appeal unanimously dismissed without costs *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present —Callahan, J. P., Doerr, Boomer and Boehm, JJ.

■ OPCO, INC., et al., Appellants, v JUDSON L. LEVE et al., Respondents. (Appeal No. 2.) [595 NYS2d 585] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing plaintiffs' action for breach of contract. Defendants provided proof that they had not breached the contract. Because no closing date was ever scheduled, defendants' obligation to provide estoppel certificates never ripened. Further, defendants demonstrated that the tenant was not in default of the terms of its lease until after the contract had expired. Thus, defendants did not breach the contract by failing to inform plaintiffs of the tenant's default. Moreover, plaintiffs were fully aware of the tenant's pending bankruptcy and, despite that knowledge, plaintiffs elected to twice extend the contract.

The contract unambiguously provided that defendants were entitled to retain all down payments made by plaintiffs pursuant to the contract if the closing did not take place by October 19, 1990. Plaintiffs failed to submit evidence sufficient to raise a triable issue of fact concerning defendants' breach of the contract. Consequently, because the closing did not take place

by October 19, 1990, the contract expired and defendants were entitled to retain plaintiffs' down payment. (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Renewal.) Present—Callahan, J. P., Doerr, Boomer and Boehm, JJ.